167 N.J. Super. 417 (1979)
400 A.2d 1221
CHANNEL COMPANIES, INC., PLAINTIFF-APPELLANT,
v.
CHARLES ROBERT BRITTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 2, 1979.
Decided April 16, 1979.
*418 Before Judges FRITZ and MORGAN.
Messrs. Pressler and Pressler, attorneys for appellant (Mr. Francis M. Taylor, on the brief).
No brief submitted on behalf of respondent.
PER CURIAM.
Does the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., subject a consumer to liability for treble damages for fraudulent conduct in connection with a purchase? That is the question posed by this appeal. The trial judge answered this question in the negative summarily dismissing the second count of the complaint premised upon violation of the Consumer Fraud Act. Acting upon defendant buyer's admission of liability for the purchase price of the goods, it entered judgment in plaintiff's favor for the full amount of the debt. Plaintiff appeals. We affirm.
The Consumer Fraud Act has as its essential purpose the protection of consumers by eliminating sharp practices and dealings in the marketing of merchandise and real estate. The legislative concern was the victimized consumer, not the occasionally victimized seller. Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 270-271 (1978). Although the act is not explicitly so limited, all of its provisions unmistakably so indicate. For example, acts made unlawful thereunder can be restrained by injunction or appointment of a receiver. All of the specifically described "unlawful practices" concern only sellers. See, e.g., N.J.S.A. 56:8-2.1, 56:8-2.4, 56:8-2.5, 56:8-2.6. Such provisions clearly evidence the Legislature's purpose to make sellers, not consumers, the target of its mandate.
Affirmed.